Astghik Noriki **VARDANYAN**; Artyom **Khachatryan**, Petitioners,

v.

Michael B. **MUKASEY**, Attorney General, **Respondent**.

No. 06–73957.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 30, 2008.

Asbet A. Issakhanian, Esq., Glendale, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Robert E. Wallace, Jr., Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Astghik Noriki Vardanyan and Artyom Khachatryan, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's finding of no past persecution because the harms suffered by Vardanyan do not rise to the level of persecution. *See id.* at 1185–86. Even if Vardanyan is a Jehovah's Witness and thus a member of a disfavored group, she has failed to demonstrate the required individualized risk of future persecution in Armenia. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 928 (9th Cir. 2004). Further, petitioners' contention that there is a pattern or practice of persecution against Jehovah's Witnesses in Armenia, is not supported by the record. Therefore, petitioners did not establish eligibility for asylum.

Because Vardanyan failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Vardanyan has failed to show it is more likely than not that she will be tortured if she returns to Armenia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.